

**Enter Search Criteria -**

Last OR Bus. Name: 
First: 
Case Number: C20185416

○ Case Number
○ Name

[Search]

☐ **Name Search Mini-List?**

[Website Case Search Help](#)

[Minute Entry Search by Hearing Officer](#)

### Case Information

| | |
|---|---|
| Case Number: | C20185416 |
| Filing Date: | 11/2/2018 |
| Caption: | D G VS. TUSD |
| Judge: | CHARLES V. HARRINGT |

### Party Information

| Party Full Name | Party Role | Name Type |
|---|---|---|
| JANE DOE | Plaintiff | True |
| JOHN DOE | Plaintiff | True |
| D G | Plaintiff | True |
| Y G | Plaintiff | True |
| TUSD | Defendant | True |

### Case/Document Information

| Document Type | Document SubType | Document Caption |
|---|---|---|
| Misc | Documents/Records Filed | Documents/Records Filed |
| Arbitration | Fastar Certificate | Fastar Certificate |
| Summons | Summons/Subpoena | Summons/Subpoena |
| Open | Petition & Complaint | Petition & Complaint |
| Receipt | All Money Receipts | All Money Receipts 3028965 |

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
11/2/2018 3:38:12 PM
BY: ALAN WALKER
DEPUTY

Case No. C20185416
HON. CHARLES V. HARRINGTON

**ROCKAFELLOW LAW FIRM**

2438 East Broadway Boulevard
Tucson, Arizona 85719
T. 520.750.1800 / 1.800.264.4529
F. 520.750.1676
Leighton H. Rockafellow, Jr., Esq.
LeightonJr@RockafellowLaw.com

LEIGHTON H. ROCKAFELLOW, Jr., ESQ.
State Bar # 028844
Attorney for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| D. G. and Y. G. husband and wife, individually and as the parents and next best friends of JANE DOE, a minor, and JOHN DOE, a minor. <br><br> Plaintiffs. <br><br> vs. <br><br> TUCSON UNIFIED SCHOOL DISTRICT, NO. 01, a Body Politic, <br><br> Defendant. | No. <br><br> **COMPLAINT** <br><br> (Tort, Non-Motor Vehicle) <br> Tier 3 |

Plaintiffs, as and for their causes of action against the Defendant, complain and allege as follows:

I.

All Plaintiffs are residents of Pima County Arizona. Aliases are used to protect the confidentiality of minor children.

II.

Upon information and belief, Defendant Tucson Unified School District (TUSD) is a body politic operating in the State of Arizona within the boundaries of Pima County, Arizona.

III.

The actions complained of herein occurred entirely within Pima County Arizona.

IV.

D.G. and Y.G are husband and wife and are the natural parents of both minors Jane Doe and John Doe.

V.

A timely Notice of Claim was served on the Defendant Tucson Unified School District and more than sixty days have expired without a response, amounting to a statutory denial of the claim.

VI.

During the Fall semester of 2017, Plaintiff Jane Doe was enrolled and attending eighth grade classes at Mansfeld Middle School located in Tucson, Arizona.

VII.

During the Fall semester of 2017, John Angel Corral was employed by Defendant TUSD as a security monitor for Mansfeld Middle School.

VIII.

At all times material to this complaint, Defendant TUSD owned, operated, and administered Mansfeld Middle School.

IX.

At all times material to this complaint, John Angel Corral was employed by Defendant TUSD.

X.

At all times material to this complaint, John Angel Corral's actions occurred

during the course and scope of his employment.

XI.

During the Fall semester of 2017, both during and after school hours at Mansfeld Middle School, John Angel Corral verbally harassed and physically touched Plaintiff Jane Doe in a sexual and un-wanted manner, while working in his capacity as a TUSD employee.

XII.

While employed by Defendant TUSD and while working in his capacity as an employee of TUSD, John Angel Corral had been arrested by the Tucson Police Department on at least two separate prior occasions in 2002 and 2008 for similar offenses, including sexual harassment, with different students and at different TUSD operated schools.

XIII.

Despite having actual knowledge of his propensity to harass female students, both sexually and otherwise, Defendant TUSD kept John Angel Corral employed through the Fall 2017 semester in a capacity that allowed him unsupervised daily interactions with minor students such as Jane Doe.

XIV.

Defendant TUSD is vicariously liable for Plaintiffs' injuries and damages caused either directly or indirectly by the actions of John Angel Corral that occurred during the course and scope of his employment with TUSD.

XV.

Defendant TUSD is independently liable for Plaintiffs' injuries and damages caused either directly or indirectly by Defendant's negligence in hiring, training, supervising, and/or retaining John Angel Corral in his employment.

XVI.

Defendant TUSD is further independently liable to the Plaintiffs for its negligent infliction of emotional distress for failing to protect Plaintiff Jane Doe from physical and emotional harm while in Defendant TUSD's custody.

XVII.

Defendant's actions and/or inactions, as well as Defendant's lack of adequate policies to manage its employees, including the decision to retain John Angel Corral as a security monitor at Mansfeld Middle School, despite actual knowledge of his propensity to harass female students, both sexually and otherwise, constituted a violation Plaintiff Jane Doe's constitutional right to be free from unjustified intrusions on personal integrity under the 14th Amendment to the United States Constitution, a violation of 42 U.S.C.S. § 1983.

XVIII.

Defendant's actions and/or inactions, as well as Defendant's lack of adequate policies to manage its employees, including the decision to retain John Angel Corral as a security monitor at Mansfeld Middle School, despite actual knowledge of his propensity to harass female students, both sexually and otherwise, constituted a reckless and/or callous indifference to Plaintiff Jane Doe's constitutional right under the 14th Amendment of the United States Constitution to be free from unjustified intrusions on personal integrity, thus justifying an award for punitive damages under 42 U.S.C.S. § 1983.

XIX.

Defendant's actions and/or inactions, as well as Defendant's lack of adequate

policy to manage its employees, including the decision to retain John Angel Corral as a security monitor at Mansfeld Middle School, despite actual knowledge of his propensity to harass female students, both sexually and otherwise, caused Plaintiff Jane Doe, a female, to be denied the benefits of her education based on her sex, a violation of 20 U.S.C.S. § 1681 (Title IX).

XX.

As a direct and proximate cause of the actions, both intentional and negligent, of Defendant and its employee John Angel Corral, Plaintiff Jane Doe has become inflicted by emotional and physical harm and distress.

XXI.

As a direct and proximate cause of the actions, both intentional and negligent, of Defendant and its employee John Angel Corral and the resulting injuries of Plaintiff Jane Doe, Plaintiffs D.G. and Y.G. and John Doe experienced and continue to experience emotional distress and other damages and injuries.

XXII.

As a direct and proximate cause of the actions, both intentional and negligent, of Defendant and the resulting injuries of Plaintiff Jane Doe, Plaintiffs D.G. and Y.G. and John Doe experienced and continue to experience loss of consortium of their daughter/sister Jane Doe.

XXIII.

As a direct and proximate cause of the actions of Defendant, the actions of its employee John Angel Corral, and the negligence of the Defendant, Plaintiffs sustained

serious and painful injuries, endured and continue to endure pain and suffering, incurred and continue to incur medical expenses, lost income, lost enjoyment of life, and experienced and continue to experience other general and special damages.

XXIII.

The extent of damages qualify this claim for a Tier 3 designation under the Arizona Rules of Civil Procedure.

WHEREFORE, Plaintiffs pray for judgment against the Defendant as follows:

1. For judgment in such an amount as will reasonably, completely and adequately compensate Plaintiffs for all of their injuries, damages and losses, as aforesaid.

2. For costs of suit necessarily and lawfully incurred herein.

3. For punitive damages against Defendants.

4. For such other and further relief as the Court deems just and proper in the premises.

Dated this 2nd day of November 2018.

                **ROCKAFELLOW LAW FIRM**

                /s/ Leighton H. Rockafellow, Jr.

                _____
                Leighton H. Rockafellow, Jr.
                Attorney for Plaintiffs

FILED
TONI L. HELLON
CLERK, SUPERIOR COURT
11/2/2018 3:38:12 PM
BY: ALAN WALKER
DEPUTY

Case No. C20185416
HON. CHARLES V. HARRINGTON

PERSON/ATTORNEY FILING: Leighton H Rockafellow Jr
MAILING ADDRESS: 2438 E. Broadway
CITY, STATE, ZIP CODE: Tucson, AZ 85745
PHONE NUMBER: (520) 750-1800
E-MAIL ADDRESS: leightonjr@rockafellowlaw.com
[ ☐ ] REPRESENTING SELF, WITHOUT AN ATTORNEY
(IF ATTORNEY) STATE BAR NUMBER: 028844, Issuing State: AZ

## ARIZONA SUPERIOR COURT, PIMA COUNTY

D G, a parent for Jane Doe, a
minor, et al.
Plaintiff(s),

V.

TUSD
Defendant(s).

CASE NO: _____

**RULE 102(a) FASTAR CERTIFICATE**

The undersigned certifies that he or she knows the eligibility criteria set by FASTAR Rule 101(b) and certifies that this case:

**(NOTE – YOU MUST CHECK ONE OF THE BOXES BELOW OR THE CLERK WILL NOT ACCEPT THIS FORM.)**

☐ **DOES** meet the eligibility criteria established by Rule 101(b); or

☒ **DOES NOT** meet the eligibility criteria established by Rule 101(b).

Dated: November 02, 2018

Leighton H Rockafellow Jr /s/
SIGNATURE

Person/Attorney Filing: Leighton H Rockafellow Jr
Mailing Address: 2438 E. Broadway
City, State, Zip Code: Tucson, AZ 85745
Phone Number: (520) 750-1800
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 028844, Issuing State: AZ
Attorney E-Mail Address: leightonjr@rockafellowlaw.com

# IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
# IN AND FOR THE COUNTY OF PIMA

D G, a parent for Jane Doe, a minor,
et al.
Plaintiff(s),

Case No. C20185416

HON. CHARLES V. HARRINGTON

V.

**SUMMONS**

TUSD
Defendant(s).

To: TUSD

WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.

1. A lawsuit has been filed against you. A copy of the lawsuit and other related court paperwork has been served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Office of the Clerk of the Superior Court, 110 West Congress Street, Tucson, Arizona 85701 or electronically file your Answer through AZTurboCourt at www.azturbocourt.gov.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons. Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If the papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS, not counting the day of service.

12/30/2016 CAC

Requests for reasonable accommodations for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of Pima    *November 02, 2018*    .

*Toni L. Hellon*
Clerk of the Superior Court

By: *Alan Walker*
      Deputy Clerk



AZTurboCourt.gov Form Set #2963704

12/30/2016 CAC

**ROCKAFELLOW**
**LAW FIRM**

2438 East Broadway Boulevard
Tucson, Arizona 85719
T. 520.750.1800 / 1.800.264.4529
F. 520.750.1676
Leighton H. Rockafellow, Jr., Esq.
LeightonJr@RockafellowLaw.com

LEIGHTON H. ROCKAFELLOW, Jr., ESQ.
State Bar # 028844
Attorney for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| D. G. and Y. G. husband and wife, individually and as the parents and next best friends of JANE DOE, a minor, and JOHN DOE, a minor.<br><br>Plaintiffs.<br><br>vs.<br><br>TUCSON UNIFIED SCHOOL DISTRICT, NO. 01, a Body Politic,<br><br>Defendant. | No.   C20185416<br><br><br><br><br><br>**WAIVER OF SERVICE OF SUMMONS**<br><br>Judge Charles Harrington |

**TO:   Leighton H. Rockafellow, Jr., Attorney for Plaintiffs**

I acknowledge receipt of your request that I waive service of a summons in the action of *D.G. et al. vs. Tucson Unified School District* in the Superior Court of the State of Arizona in and for the County of Pima. I also have received a copy of the Complaint in the action, two copies of this instrument and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am

1

acting) be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.[1]

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within sixty (60) days after November 2, 2018, or within ninety (90) days after that date if the request was sent outside the United States.

DATED this ____ day of _____ 2018.

Signed by _____

Title: _____

---

[1]DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1. and 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons) and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion in not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

2

**ROCKAFELLOW**
**LAW FIRM**

2438 East Broadway Boulevard
Tucson, Arizona 85719
T. 520.750.1800 / 1.800.264.4529
F. 520.750.1676
Leighton H. Rockafellow, Jr., Esq.
LeightonJr@RockafellowLaw.com

LEIGHTON H. ROCKAFELLOW, Jr., ESQ.
State Bar # 028844
Attorney for Plaintiffs

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| D. G. and Y. G. husband and wife, individually and as the parents and next best friends of JANE DOE, a minor, and JOHN DOE, a minor.<br><br>Plaintiffs.<br><br>vs.<br><br>TUCSON UNIFIED SCHOOL DISTRICT, NO. 01, a Body Politic,<br><br>Defendant. | No. C20185416<br><br><br><br>**NOTICE OF LAWSUIT**<br>**and WAIVER OF SUMMONS**<br><br>Judge Charles Harrington |

**TO:** Tucson Unified School District No. 1

A lawsuit has been commenced against you. A copy of the Complaint is attached to this Notice. The complaint has been filed in the Superior Court for the State of Arizona in and for the County of Pima and has been assigned case number C20185416.

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service

1

will be avoided if I receive a signed copy of the waiver within thirty (30) days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped, self-addressed envelope (or other means of cost-free return) for your use. An extra copy of the Waiver of Service is also enclosed for your records.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, and you will be required to answer or otherwise respond to the complaint within sixty (60) days from the date designated below as the date on which this notice is sent (or within ninety (90) days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Arizona Rules of Civil Procedure and then, to the extent authorized by those Rules, I will ask the Court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. Please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth in the footnote of the enclosed "Waiver of Service of Summons" form.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on the date indicated below.

NOTICE AND REQUEST SENT this 6th day of November 2018.

**ROCKAFELLOW LAW FIRM**

Leighton H. Rockafellow, Jr.
Attorney for Plaintiff

Original and Copy Sent by First Class Mail
this 6th day of November 2018 with stamped return envelope to:
Kristel Ann Foster
TUSD Governing Board Clerk
1010 E Tenth St
Tucson, AZ 85719

Copies Mailed this 6th Day
of November 2018 to:
Robert S. Ross, Jr.
General Counsel, TUSD
1010 E Tenth St.
Tucson, Arizona 85719

Arizona School Risk Retention Trust
P.O. Box 40096
Phoenix, AZ 85067

Dr. Gabriel Trujillo
TUSD Superintendent, CEO
1010 E Tenth Street Tucson, Arizona 85719

3