WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| D.G., et al., | No. CV-18-00583-TUC-JGZ (MSA) |
| Plaintiffs, | **ORDER** |
| v. | |
| Tucson Unified School District, | |
| Defendant. | |

Pending before the Court is Defendant Tucson Unified School District's Motion for Reconsideration. (Doc. 67.) The Defendant (TUSD) asks the Court to reconsider its order denying summary judgment on Plaintiffs' individual claim under Title IX. (*Id*.) Pursuant to Local Civil Rule 7.2(g)(2), Rules of Practice and Procedure of the U.S. District Court for the District of Arizona, the Court ordered Plaintiffs to respond to Defendant's Motion. (Doc. 68.) Plaintiffs filed a Motion to Strike and Response. (Doc. 69.) Having considered the filings, the Court will deny both the motion to strike and the motion for reconsideration.

### I.     Motion to Strike

Plaintiffs request that Defendant's motion for reconsideration be stricken as "improper," because the Court did not err in its original consideration of Defendant's motion for summary judgment. (Doc. 69.) Plaintiffs' filing is more appropriately characterized as an opposition on the merits to Defendant's request for reconsideration. The motion for reconsideration is explicitly authorized by Local Rule 7.2(g). The motion

to strike lacks a proper basis. Accordingly, the Court will deny Plaintiffs' motion to strike Defendant's motion for reconsideration.

## II. Motion for Reconsideration

Reconsideration is proper upon a "showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g)(1). "Any such motion shall point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific modifications being sought in the Court's order." *Id.* "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly.'" *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A motion for reconsideration may not "be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

### A. Analysis

In its November 23, 2020 Order, the Court denied Defendant's request for summary judgment on Plaintiffs' individual claim under Title IX. To establish such a claim, a Plaintiff must prove five elements:

> First, the school must have "exercise[d] substantial control over both the harasser and the context in which the known harassment occur[red]." Second, the plaintiff must have suffered harassment "that is so severe, pervasive, and objectively offensive that it can be said to deprive the [plaintiff] of access to the educational opportunities or benefits provided by the school." Third, a school official with "authority to address the alleged discrimination and to institute corrective measures on the [school's] behalf" must have had "actual knowledge" of the harassment. Fourth, the school must have acted with "deliberate indifference" to the harassment, such that the school's "response to the harassment or lack thereof [was] clearly unreasonable in light of the known circumstances." . . . And fifth, the school's deliberate indifference must have "subject[ed] the plaintiff] to harassment."

*Karasek v. Regents of Univ. of Cal.*, 956 F.3d 1093, 1105 (9th Cir. 2020) (internal citations

omitted). The Court concluded that the Defendant only disputed Plaintiffs' ability to prove "elements two and three: 'actual knowledge' by TUSD of 'severe, pervasive harassment.'" (Doc. 66, p. 11.) The Court found that a reasonable juror could conclude that TUSD had actual knowledge of Corral's severe and pervasive harassment of students. (Doc. 66, p. 13 & n.3.)

In its motion for reconsideration, Defendant argues that the Court erred in its conclusion that Defendant did not dispute element four: whether it was deliberately indifferent to Corral's harassment of students. Defendant also asserts that the Court erred in failing to fully consider the remoteness in time of the prior complaints against John Corral in evaluating whether TUSD had actual knowledge—element three. (Doc. 67.)

### i. Deliberate Indifference

TUSD did not argue in its motion for summary judgment that the undisputed evidence was insufficient as a matter of law to support a finding that TUSD was deliberately indifferent to the harassment such that its response (or lack of response) to the harassment was clearly unreasonable, except within the framework of the actual knowledge requirement.[1] In its summary judgment motion, TUSD, citing *Parents for Privacy v. Dallas School District Number 2*, 326 F. Supp. 3d 1075, 1101 (D. Or. 2018), asserted four elements were necessary for stating a hostile environment claim: plaintiff must show that "the school district: (1) had **actual knowledge** of; (2) and was **deliberately indifferent** to; (3) harassment because of sex that was; (4) 'so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school.'" (Doc. 45, p. 5-6 (emphasis in original).)[2] TUSD argued "[t]here is no evidence that the District had actual knowledge of severe, pervasive

---

[1] Although TUSD argued that there was insufficient evidence of deliberate indifference in its reply (Doc. 52, p. 8), the Court did not consider that specific argument because "[a]rguments raised for the first time in [a] reply brief are deemed waived." *Delgadillo v. Woodford*, 527 F.3d 919, 930 n.4 (9th Cir. 2008).

[2] When TUSD filed its motion for summary judgment in October 2019, the Ninth Circuit had not yet rendered its opinion in *Karasek*, which set forth the five-element test. *Karasek,* 956 F.3d at 1105. Both *Karasek* and *Parents for Privacy* rely on the Supreme Court decision in *Davis*, and the differences in the statements of the required elements are not relevant to the issues raised in the pending motions.

- 3 -

harassment under Title IX," (Doc. 45, p. 5); there were insufficient facts in the record to support a finding of both "actual knowledge" and "severe, pervasive, and objectively offensive" harassment, (*Id.* at 5-7); and, within the discussion of actual knowledge, "even if the school was negligent, it could not have been deliberately indifferent to the harassment *because it lacked actual knowledge of the harassment*." (*Id.* at 7 (emphasis added).) TUSD's argument that Plaintiff lacked evidence of deliberate indifference was subsumed within its argument that it could not have acted with deliberate indifference to the harassment because it was not aware of the harassment.

Nonetheless, the Court did address the issue of deliberate indifference. The Court concluded that a reasonable juror could find that TUSD had actual knowledge of Corral's assault and harassment of students. The Court cited *Davis v. Monroe County Board of Education*, 526 U.S. 629, 654 (1999), for the proposition that Plaintiffs may be able to show both actual knowledge and deliberate indifference. (Doc. 66, p. 13.) The Court noted that TUSD, the legal department, principal, legal counsel, human resources, and assistant superintendent of middle schools, were aware of allegations of Corral's sexual misconduct and that TUSD had the authority through its board and officials to address the alleged discrimination. (*Id.*) Despite TUSD's finding that Corral violated its policies and the assistant superintendent's recommendation that Corral not be placed around students or at any school, the same assistant superintendent reinstated Corral as a school monitor and transferred him to another middle school—an environment where he was known to have repeatedly sexually harassed students throughout his career as a security monitor. (*Id.* at 15.) The Court concluded whether TUSD's limited response was clearly unreasonable (ie. deliberately indifferent), in light of the known circumstances was an issue for the jury. *See Karasek*, 956 F.3d at 1105 ("[T]he reasonableness of the response depends on the educational setting involved—what would be unreasonable in the context of an elementary school might not be unreasonable in the context of a university." (quoting *Davis*, 526 U.S. at 649)).

//

### ii. Actual Knowledge

Under Title IX, a recipient is only liable by "remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge." *Davis*, 526 U.S. at 642. In its summary judgment order, the Court outlined the history of Corral's harassment and concluded, on the evidence presented, a reasonable juror could find that TUSD had "actual knowledge of discrimination in [its] programs." (Doc. 66, pp. 3-5, 12-13.) The Court cited *Gebser v. Lago Vista Independent School District*, 524 U.S. 274, 290 (1998) and *Doe v. School Board of Broward County*, 604 F.3d 1248, 57 (11th Cir. 2010), for the proposition that actual knowledge does not require notice of harassment of Jane Doe herself, (Doc. 66, p. 12), and *J.K. v. Arizona Board of Regents*, No. CV-06-916-PHX-MHM, 2008 WL 4446712 at *14 (D. Ariz. Sept. 30, 2008), for the proposition that Title IX claims may be "based on the recipient's knowledge of, and deliberate indifference to, a *particular harasser's* conduct in general." (Doc. 66, p. 12-13.)

TUSD argues that the Court erred in its assessment of actual knowledge and did not fully consider the remoteness in time of the prior complaints about Corral. TUSD reasons "any purported knowledge of harassment [by TUSD] in or before 2009 was not actual knowledge of harassment in 2017." (Doc. 67, p. 3.) TUSD cites to *Escue v. Northern Oklahoma College*, 450 F.3d 1146, 1154 (10th Cir. 2006).[3] *Escue* is distinguishable.

In *Escue,* the plaintiff was a student at Northern Oklahoma College (NOC) who alleged that her professor had touched her inappropriately without her consent on multiple occasions and made numerous sexual comments. *Id.* at 1149. The Tenth Circuit concluded that Plaintiff failed to show, as a matter of law, that NOC had actual knowledge of the professor's sexual harassment despite earlier complaints against the professor, because "the other two instances where [the professor] received complaints concerning inappropriate behavior of a sexual nature occurred nearly a decade before [Plaintiff's]

---

[3] TUSD raised this specific argument in its Reply to the Motion for Patrial Summary Judgment, stating "three accusations over 17 years does not give rise to actual knowledge by the District of ongoing, severe, pervasive sexual harassment in 2017." (Doc. 52, p. 7.) In support, TUSD cited § 1983 case law related to establishing a pattern or custom. (*Id.* at p. 7 n.25). However, an individual claim under Title IX does not require a plaintiff to show a pattern or custom of harassment.

- 5 -

complaints, and involved significantly different behavior—a single incident of inappropriate touching [smacking buttocks] and a series of inappropriate name-calling." *Id*. at 1154. The Court explained:

> The instances of dating two non-traditional students nearly his own age do not provide NOC with any knowledge that [the professor] posed a substantial risk of sexual harassment to NOC's students: even though one of these relationships may have been improper (the district court noted that one of the dating relationships did not even violate school policy, even though it was not condoned, []), there is no insinuation anywhere in the record that these relationships were non-consensual.

*Id*. (internal citation omitted). The court concluded that the prior instances of alleged harassment were "too dissimilar, too infrequent, and/or too distant in time" to provide the university with actual knowledge of sexual harassment in its programs. *Id.* at 1153.

In contrast to *Escue,* in the present case, TUSD was aware of numerous reports of *similar* acts of inappropriate misconduct by Corral against seven middle school female students over an eight-year period. It was alleged by numerous students that Corral inappropriately touched female middle school students and made sexual comments towards and about the students. There was no question about whether the contact was consensual: it could not be. The students were underage. As described in the Order denying summary judgment, TUSD, including its human resources department, was aware of the many reports of misconduct by Corral:

> Corral's harassment in 2000 was reported and recorded in TUSD's student management information system. (Doc. 49-1, pp. 17, 33.) A letter shows that TUSD and multiple officials, including the legal department, were made aware of Corral's harassment in 2002. (*Id.* at 42.) With respect to the 2008 investigation, TUSD, the legal department, principal, legal counsel, human resources, and assistant superintendent of middle schools, were aware of allegations of Corral's sexual misconduct. (*Id.* at 58-59.) And TUSD, through its board and officials, had the authority to address the alleged discrimination, as evidenced by its exercise of that authority when it found Corral violated its policies.

(Doc. 66, p. 13.) Although these reports of misconduct occurred some years prior to the alleged acts at issue in this case, remoteness in time is but one consideration in determining actual knowledge.

//

**III.     Conclusion**

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Strike (Doc. 69) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Reconsideration (Doc. 67) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Proposed Pretrial Order and any *Daubert* motions within fourteen (14) days of this order. The content of the proposed pretrial order shall include, but not be limited to, that prescribed in the Form of Pretrial Order found on the Court's website, under the tabs: Judges Information/Judges Orders, Forms and Procedures for Judge Zipps:

http://www.azd.uscourts.gov/sites/default/files/judge-orders/JGZ%20Joint%20Proposed%20Pretrial%20Order%20-%20Civil.pdf

Dated this 26th day of February, 2021.

Honorable Jennifer G. Zipps
United States District Judge